CHARLES GODSPOWER,         )
                                     )
     Plaintiff,            )
                                     )
v.                          )         No. 3:13-cv-1058
                                     )
SHERIFF ROBERT ARNOLD,     )         Judge Trauger
DEPUTY [F/N/U] DAVIS, and     )
DEPUTY [F/N/U] FRESIER,      )
                                     )
     Defendant.         )

## MEMORANDUM OPINION

Plaintiff Charles Godspower, a state inmate presently incarcerated at the Hardeman County Correctional Center in Whiteville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1), alleging violations of his civil rights while he was detained at the Rutherford County Jail in Murfreesboro, Tennessee. Because the plaintiff proceeds *in forma pauperis*, and because he seeks redress from government officials, his complaint is before the court for an initial review under the Prison Litigation Reform Act ("PLRA").

I.       **Standard of Review**

Under various sections of the PLRA, the court is required to conduct an initial review of the prisoner-plaintiff's civil complaint, and must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.      Factual Allegations**

The plaintiff names as defendants Rutherford County Sheriff Robert Arnold and Deputies Davis and Fresier (first names unknown). All defendants are named in both their official and individual capacities.

The plaintiff alleges that, on January 20, 2013, during a "lockdown," two fellow inmates, both gang members, entered his cell and violently assaulted him. After several minutes the beating proceeded outside the plaintiff's cell, at which point corrections officers took notice of the fight and took the plaintiff to the clinic. He suffered serious injuries for which he may still need surgery in the future, and his vision remains blurry. The plaintiff filed grievances related to the assault, which resulted in the two perpetrators' being found guilty of aggravated assault.

The plaintiff states that the telephone was the cause of the beating he received. The two gang members had signaled to the plaintiff that they wanted to use the phone after him, but neither was around when the plaintiff got off the phone. Telephone usage at the jail is "first come, first serve." (Complaint, ECF No. 1, at 7.) The plaintiff could not reserve the phone, so he passed it to the next person waiting in line. He tried to explain this to the two gang members during recreation, but his explanation apparently did not satisfy them.

The plaintiff does not indicate that he reported a risk of harm from the two gang members to any prison officials prior to the assault. Instead, he states:

Unlike prison or other jails where officers are always present during recreation and during lockdown, making sure everyone went to the right cell and accounted for, many times no officers are to be found at this facility during those hours[;] consequently, men are frequently attacked and severally [sic] beaten with life threatening injuries.

I am suing the jail for the gross negligence and my pain and suffering as a result.

(Complaint, ECF No. 1, at 7.)

The plaintiff seeks compensatory and punitive damages from all defendants.

## III. Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Gratta*n, 468 U.S. 42, 44 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case, the plaintiff has alleged the deprivation of his rights under the Eighth Amendment based on the beating he received at the hand of other inmates. The Supreme Court has stated that the Eighth Amendment, among other things, imposes upon "prison officials . . . a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal quotation marks omitted). To state a claim pursuant to the Eighth Amendment, a plaintiff must allege (1) a deprivation that is objectively "sufficiently serious," for example, that the plaintiff is "incarcerated under conditions posing a substantial risk of serious harm," and (2) that the defendant prison official has a "sufficiently culpable state of mind," specifically one of "deliberate indifference" to inmate health or safety. *Id.* at 834 (citations and internal quotations omitted). Regarding the first prong, "[i]n the abstract, one prison inmate's threat to the health and safety of another inmate is 'sufficiently serious' to satisfy this requirement." *Williams v. McLemore*, 247 F. App'x 1, 9 (6th Cir. 2007). Regarding the second prong, deliberate indifference means "know[ing] of and disregard[ing] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

The plaintiff clearly alleges that he incurred a serious injury at the hands of other inmates, from which jail official failed to protect him, and the fact that the defendants are employees of the Rutherford County Sheriff's Department strongly suggests the defendants were acting under color of state law. However, the plaintiff has not alleged facts suggesting any of the defendants, individually, was aware of and deliberately disregarded the risk posed by the specific inmates who assaulted the plaintiff. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). That is, to establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). Where a person is named as a defendant in his individual capacity without an allegation that the particular defendant engaged in specific conduct, the claims against that defendant are subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g.*, *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."). In this case, the plaintiff alleges generally that he is suing "the jail" for gross negligence, but he does not mention any defendant by name, or suggest in any way that any of the defendants was aware of and but was deliberately indifferent to a specific threat of harm to the plaintiff. Because the plaintiff's claims far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his individual-capacity claims will be dismissed as to all three defendants for failure to state a claim for which relief can be granted.

The plaintiff also brings official-capacity claims against all three defendants based on the assault by other inmates. An official-capacity claim is, in reality, a claim against the entity that employs the defendant, presumably Rutherford County in this case. Because Sheriff Robert Arnold is the person ultimately responsible for the administration of the Rutherford County Jail, the court concludes that he is

appropriately named in his official capacity. A municipality like Rutherford County can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Simply stated, the plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury [constitutional violation] was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

Under these standards, it is clear that the plaintiff has alleged facts sufficient to satisfy the first prong, based on the seriousness of the assault by other inmates. The question is whether the allegations suggest that the deprivation may be causally linked to a policy or custom of the jail. The court liberally construes the complaint as suggesting that jail and/or county officials intentionally adopted a policy or practice of failing to install video cameras or otherwise to provide adequate staffing at the jail to ensure that inmates are protected from assaults in their cells by other inmates, despite a known risk of such assaults by gang-members against other inmates based on prior occurrences.

The court will therefore, for purposes of the initial review, permit the official-capacity claim to proceed against Sheriff Robert Arnold. The official-capacity claims against the other defendants are redundant of the official-capacity claim against Sheriff Arnold, and will therefore be dismissed as unnecessary.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge