# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHARLES GODSPOWER, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:13-1058 |
| | ) JUDGE TRAUGER/KNOWLES |
| SHERIFF ROBERT ARNOLD, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon Defendant's "Motion to Deem Request for Admissions Admitted." Docket No. 40. The Motion states that, on February 21, 2014, Defendant submitted a document headed "Requests for Admissions" to Plaintiff. The Request sought the admission of one alleged fact: "Admit that the alleged facts or incidents giving rise to the claims set forth in your complaint (Doc. No. 1) occurred on January 20, 2012, and not on January 20, 2013, as alleged." Docket No. 40-1.

The Motion further states that, as of April 11, 2014, when the Motion was filed, Plaintiff had not responded. The Motion also states, "Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Request for Admissions set forth in Exhibit A are [*sic*] deemed admitted." Docket No. 40, p. 1. Despite this statement, however, the instant Motion "moves this Honorable Court to deem the Request for Admissions . . . as admitted . . . ."

The pro se Plaintiff has filed a "Response," which states in relevant part: "Plaintiff filed a Request for Extension of Time in which to respond to *Defendant's interrogatories* which this

Court granted an extension of time for Plaintiff to respond to *Defendant's interrogatories* until April 30th, 2013." Docket No. 46 (emphasis added).

Defendant has filed a Reply essentially stating that the extension of time Plaintiff obtained does not apply to the Request for Admissions, but only to a set of Interrogatories and Requests for Production of Documents. Docket No. 47. Defendant is correct. Docket Nos. 36, 37.

As one noted authority has stated:

> [A] A party need not file a motion for a court order to conclusively establish matters in unanswered requests for admission. Because unanswered requests for admission are automatically deemed judicially admitted under Rule 36(a)(3), no court intervention is required. This automatic admission is the reason why Rule 37 does not contain sanctions for a failure to respond to requests for admissions. Rule 36 provides its own enforcement mechanism, by automatically deeming the matters contained in the requests for admissions conclusively admitted. Based on this concept that Rule 36 is self-executing, courts have granted summary judgment on the basis of deemed admissions.

**Moore's Federal Practice 3d** § 36.03[1], p. 36-12 to - 13 (footnotes omitted).

One Court has noted:

> Rule 36 does not require a motion for the Court's inprimatur on the unanswered requests for admissions. The rule is self-executing . . . . A motion to establish or affirm the admissions upon a party's failure to admit or object is unnecessary under Rule 36(a). The resources of the parties and the Court should be devoted to other pursuits in the case.

*American Technology Corp. v. Mah*, 174 FRD 687, 690 (D. Nev. 1997) (citation omitted).

For the foregoing reasons, the instant Motion (Docket No. 40) is DENIED AS MOOT.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge