IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES GODSPOWER, )
)
      Plaintiff, )
)
)
vs. ) CASE NO. 3:13-1058
) JUDGE TRAUGER/KNOWLES
)
)
SHERIFF ROBERT ARNOLD, )
)
      Defendant. )

# REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion for Summary Judgment." Docket No. 41. Defendant has filed a supporting Memorandum (Docket No. 43) and a Statement of Undisputed Material Facts (Docket No. 44). The sole ground raised in the Motion is that Plaintiff's claims are barred by the applicable statute of limitations.

Plaintiff's pro se Complaint describes an incident that occurred, according to the Complaint, on January 20, 2013. Plaintiff essentially avers that two gang members entered his cell during lock down and assaulted him. He avers that corrections officers should have been present during lock down to prevent such attacks. He states, "I am suing the jail for the gross negligence and my pain and suffering as a result[.]" *Id*., p. 7.

Plaintiff initially sued Defendant Sheriff Arnold, along with Deputy Davis and Deputy Freiser. Docket No. 1. Defendants Davis and Freiser, however, were terminated in an Order entered November 4, 2013. Docket No. 6. In that Order, Judge Trauger determined that Plaintiff had failed to state a claim upon which relief could be granted as to Defendants Davis and Freiser.

*Id.*, p. 3. Thus, the only remaining Defendant is Sheriff Arnold.

The instant Motion argues that the incidents giving rise to Plaintiff's claims actually occurred on January 20, 20<u>12</u>, not on January 20, 20<u>13</u>. Defendant argues that, because Plaintiff did not file his Complaint until September 27, 2013, Plaintiff's claims are barred by the one-year statute of limitations set forth in T.C.A. § 28-3-104(a)(3). Defendant's factual assertions that the incidents giving rise to Plaintiff's Complaint occurred on January 20, 2012, are as follows.

On February 21, 2014, Defendant submitted a document headed "Request for Admissions" to Plaintiff. Docket No. 56, p. 1. The Request sought the admission of one alleged fact: "Admit that the alleged facts or incidents giving rise to the claims set forth in your Complaint (Doc. No. 1) occurred on January 20, 2012, and not on January 12, 2013, as alleged." Docket No. 40-1. Plaintiff did not respond to the Request for Admissions. Docket No. 56, p. 1. Therefore, the Request for Admissions has been admitted. Fed. R. Civ. P. 36(a)(3).

Along with the instant Motion, Defendant submitted a Statement of Undisputed Facts stating in part:

> 1. The alleged facts or incidents giving rise to the claims set forth in Plaintiff's Complaint (D.E. 1) occurred on January 20, 2012, and not January 20, 2013, as alleged in Plaintiff's Complaint. (Request for Admission No. 1, D.E. 40, Ex. A).
>
> 2. Plaintiff's claims against Defendant began to accrue on January 20, 2012. (*See* Request for Admission No. 1, D. E. 40, Ex. A.)

Docket No. 42.

Plaintiff did not respond to Defendant's Statement of Undisputed Material Facts, and those facts are admitted. Local Rule 56(g).

For the foregoing reasons, there are no genuine issues as to any material fact. The

incidents underlying Plaintiff's claims occurred on January 20, 2012, not on January 20, 2013. Because Plaintiff's claims accrued on January 20, 2012, he had until January 20, 2013, in which to file this action. He did not file his Complaint, however, until September 27, 2013 (Docket No. 1) and his claims are barred by the statute of limitations. Thus, Defendant is entitled to a judgment as a matter of law.

Therefore, the undersigned recommends that the instant Motion for Summary Judgment (Docket No. 41) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge