**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CHARLES GODSPOWER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.3:13-cv-1058** |
| | ) | |
| **SHERIFF ROBERT ARNOLD,** | ) | **Judge Trauger** |
| | ) | |
| **Defendant.** | ) | |

<u>**ORDER**</u>

Before the court is the plaintiff's objection (ECF No. 63) to the Report and Recommendation ("R&R") filed by Magistrate Judge E. Clifton Knowles (ECF No. 60), recommending that the motion for summary judgment (ECF No. 41) filed by the defendant, Sheriff Robert Arnold, be granted and that this action be dismissed.

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, as in this case, the district court must review *de novo* any portion of the report and recommendation to which objections are lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The defendant moves for summary judgment on the basis that the claims in the complaint are barred by the one-year statute of limitations that pertains to actions under 42 U.S.C. § 1983 arising in Tennessee. In his objection, the plaintiff concedes that the incident that is the subject of the complaint took place on January 20, 2012, rather than on January 20, 2013 as alleged in the complaint, and that the complaint was filed in September 2013, more than a year after the incident. The plaintiff argues only that he was incarcerated in the Rutherford County Jail until March 2013, and that the Rutherford County Jail does not have a law library or provide access to legal assistance. The plaintiff also points out that he has repeatedly requested that this court appoint counsel to represent him. He asks that the court reject the R&R on that basis.

The court construes the plaintiff's objection as asserting that he is entitled to equitable tolling of the statute of limitations for the period of time that he was incarcerated at the Rutherford County Jail, because he did not know about the statute of limitations and did not have access to a law library. The Sixth Circuit has held that equitable tolling is appropriate only after the court has properly considered and balanced five factors. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (holding that the same test applies to habeas and non-habeas cases alike). These factors are: (1) the plaintiff's lack of actual notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing his rights; (4) the absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* These five factors are not comprehensive, nor is each factor relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). The doctrine of equitable tolling, though, is to be applied sparingly. *Dunlap*, 250 F.3d at 1008.

"The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 328 F.3d 490, 494 (6th Cir. 2003); *see also King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004) (noting that the plaintiff "bears the burden to provide all the evidence to show that equitable tolling is warranted"). To satisfy this burden, the plaintiff must show that he exercised reasonable diligence in bringing his claims to the court in a timely manner. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Equitable tolling is typically used "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

In his objection to the R&R, the plaintiff suggests that the delay in filing this action is due to his *pro se* status and ignorance of the law. However, a prisoner's *pro se* status and ignorance of the law are wholly insufficient to excuse his failure to initiate this action in a timely manner. *See Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989). The court finds that the plaintiff has not alleged any legitimate grounds upon which to justify the tolling of the statute of limitation in this case. He has not shown that he exercised reasonable diligence in ascertaining his rights prior to the expiration of the statute of limitations, nor has he attempted to justify the six months that expired between the time he was transferred away

from the Rutherford County Jail and the time he finally filed the complaint in this action. Moreover, although he complains that he was not appointed counsel in this action, the appointment of counsel would not have affected the fact that the statute of limitations expired many months prior to the filing of the complaint. Consequently, the limitation period that had already expired prior to the filing of this action is not subject to equitable tolling.

The plaintiff's objection is therefore **OVERRULED** and the R&R is **ACCEPTED** in its entirety. The defendant's motion for summary judgment is **GRANTED**, and this action is **DISMISSED**.

It is so **ORDERED**.

This is the final judgment in this action for purposes of Rule 58 of the Federal Rules of Civil Procedure.


_____
Aleta A. Trauger
United States District Judge